**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ACUITY MUTUAL INSURANCE COMPANY,

       Plaintiff,

vs.                                Cause No. _____

SALLY DURAN, JOANNE DURAN, VIRGINIA DURAN, ALYSSA NUNEZ,
THE ESTATE OF MARYLOU RANGEL, and GUILLERMO RANGEL,

       Defendants.

**PLAINTIFF ACUITY MUTUAL INSURANCE COMPANY'S
COMPLAINT FOR INTERPLEADER**

       Plaintiff Acuity Mutual Insurance Company ("Acuity"), by and through its counsel of record, Riley, Shane & Keller, P.A. (Courtenay L. Keller), brings this action in the nature of interpleader pursuant to 28 U.S.C. Sections 1332 and1335 and Rule 22 of the Federal Rules of Civil Procedure in order to resolve conflicting claims to the proceeds of a Personal Automobile Policy issued by Acuity.  Acuity concurrently tenders its liability policy limits in the amount of $300,000.00 and requests that the Defendants be required to interplead and establish their claims against Acuity's insureds and their entitlement to and proportionate share of the policy proceeds. In support, Acuity states the following:

**JURISDICTIONAL ALLEGATIONS**

       1.     ACUITY is a corporation organized and existing under the laws of Wisconsin with its principal place of business in Wisconsin, which was authorized under New Mexico law at all material times to do business in the state of New Mexico.

       2.     Upon information and belief Defendant Sally Duran is a resident of El Paso, Texas.

3.      Upon information and belief Defendant Joanne Duran is a resident of El Paso, Texas.

4.      Upon information and belief Defendant Alyssa Nunez is a resident of El Paso, Texas.

5.      Upon information and belief Defendant Marylou Rangel was a resident of El Paso, Texas.

6.      Upon information and belief Defendant Guillermo Rangel was the spouse of Marylou Rangel and a resident of El Paso, Texas.

7.      Upon information and belief Defendant Virginia Duran is a resident of El Paso, Texas.

8.      The conflicting claims of the Defendants herein have a common origin, that is, a motor vehicle accident having occurred in Dona Ana County, New Mexico on September 6, 2015.

9.      The United States District Court has original, diversity jurisdiction over this civil action pursuant to 28 U.S.C. Section 1335 because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.     The United States District Court has original jurisdiction over this civil action in the nature of interpleader pursuant to 28 U.S.C. Section 1335 because Acuity issued a policy of insurance with liability policy limits in the amount of $100,000/per person, $300,000.00/per occurrence, two or more of the Defendants, are claiming or may claim to be entitled to a portion of the fund, and Acuity has tendered, and is prepared to deposit upon issuance of this Court's

order, the sum of $300,000.00 into the registry of the court, there to abide the judgment of the court.

11.    Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2) and (3) and 28 U.S.C. Section 1397.

## GENERAL ALLEGATIONS

### *The Subject Accident*

12.    At approximately 3:10 P.M. on September 6, 2015, a motor vehicle accident occurred on Interstate 25 near mile post 26 in Dona Ana County, New Mexico ("the subject accident").

13.    According to the Uniform Crash Report prepared by the State of New Mexico Motor Transportation Police, Samuel Rodriguez was traveling northbound in the left lane behind a vehicle that was being driven by Sally Duran.

14.    The Uniform Crash Report indicates that Benjamin Banuelos was owner of the vehicle that was driven by Samuel Rodriguez.

15.    Samuel Rodriguez is Benjamin Banuelos' son and had permission to drive the vehicle owned by Benjamin Banuelos.

16.    Samuel Rodriguez applied his brakes when he observed Sally Duran apply the brakes on her vehicle due to heavy traffic.

17.    Samuel Rodriguez lost control of his vehicle and struck Sally Duran's vehicle, causing both of the vehicles to leave the roadway.

18.    Samuel Rodriguez's vehicle rolled over and landed right side up facing east and Sally Duran's vehicle rolled over and landed on its left side facing west.

19.    Mr. Rodriguez received a citation for following too closely.

20.     At the time of the accident, Defendants Joanne Duran, Virginia Duran, Alyssa Nunez, and Marylou Rangel were passengers in Sally Duran's vehicle.

21.     According to the uniform crash report, all drivers and occupants were transported for medical treatment.

22.     On September 8, 2015, Defendant Marylou Rangel was pronounced dead.

23.     Each of the Defendants herein have asserted, or may have, a claim for damages, personal injury or wrongful death against Acuity's insureds.

24.     The scope and extent of damage and injuries sustained by all Defendants herein is unknown.

25.     Acuity makes no admission herein concerning the alleged negligence or liability of its insureds.

26.     Acuity makes no admission concerning the value of any of the Defendant's claims for damages, whether any of the Defendants are entitled to a portion of the fund, or any Defendant's proportionate share of the fund.

27.     Upon information and belief, some of the Defendants herein have retained legal counsel in connection with their claims for damages arising from the subject accident.

### *The Acuity Insurance Policy*

28.     Acuity issued an auto policy, no. Y51471-1 ("the policy") to its named insured, Benjamin Banuelos, for the policy period of March 5, 2015 to March 5, 2016 with bodily injury liability limits of $100,000 each person, $300,000.00 each occurrence.

29.     The policy provides that Acuity "will pay damages for which an insured person is legally liable because of bodily injury or property damage resulting from the ownership, maintenance or use. . .of a car. . . ."  PART I - LIABILITY, COVERAGE A – LIABILITY

COVERAGE, at pg. 3 of 9 (Form U-733(3-04)).  Benjamin Banuelos and his son, Samuel Rodriguez, were both "insured", as that term is defined in the policy on the date of the subject accident.

30.     Acuity acknowledges its duty to pay on behalf of its insureds all sums its insureds legally must pay as damages pursuant to the terms of the policy.

## COUNT I – ACTION IN THE NATURE OF INTERPLEADER

31.     The Defendants' claims for bodily injury or wrongful death against Acuity's insureds arise from the subject accident.

32.     Although it makes no admission herein concerning the alleged negligence or liability of its insureds, Acuity acknowledges that the circumstances of the subject accident were such that a jury might determine legal liability existed on the part of Acuity's insureds for bodily injuries or wrongful death damages sustained by some or all of Defendants.

33.     Acuity further acknowledges the aggregate damages sustained by the Defendants in this case may exceed the available liability limits available under the Acuity policy.

34.     Insofar as any of the Defendants herein have claims against the fund, Acuity submits its insureds may be subjected to multiple, mutually exclusive, and conflicting claims by two or more Defendants, a multiplicity of suits arising out of the subject accident, and inconsistent judgments, the outcome of which will not properly determine the manner in which the limited fund should be apportioned among the several claimants.

35.     All of the Defendants have independent yet competing claims to the fund, which may not be large enough to satisfy them all.  Because each Defendant has an interest in reducing

or defeating altogether the claim of some or all of the other Defendants, Defendants' claims are adverse to each other.

36.     Due to the multiple and conflicting claims of the Defendants, Acuity is in doubt as to which Defendants are entitled to be paid, in what amounts, and cannot safely pay claims under the above-referenced policy without risk of excess exposure to its insureds.

37.     Acuity seeks a detached and orderly resolution of the competing claims to the fund.

38.     In order to assist with proper allocation and distribution of the fund among the various claimants, and to avoid unjust and disproportionate distribution, Acuity seeks to compel each of the Defendants to interplead and establish their claims against Acuity's insureds and their entitlement to a proportionate share of the fund.

39.     Acuity tenders the sum of $300,000.00 without prejudice to its right to recover some in whole or in part, subject to each Defendant separately establishing his or her claim for damages against Acuity's insureds, but makes no admission herein concerning the alleged negligence or liability of its insureds.

40.     Upon this Court's Order, Acuity will deposit into the registry of this Court, the full amount of the available policy limits in the amount of $300,000.00 which represents the total available policy limits for bodily injury or wrongful death for all claims arising from the subject accident, and to abide by the order and judgment of this Court concerning the distribution of the fund.

41.     Acuity, by filing this interpleader action and by depositing the interpled funds, makes no admission as to: (a) fault or liability of it insureds; (b) the value of any of any

Defendant's damages; (c) entitlement of any Defendant to exhaust the fund without regard to the value of their damages; or (d) liability to the extent of the funds deposited.

42.     Acuity expressly alleges herein that the aggregate amount owed in this case is in dispute and must be established by each of the claimants and makes no admission that the amount deposited is due and owing to any or all of the Defendants.

43.     To the extent that each Defendant interpleads and establishes his or her entitlement to policy proceeds as compensation for damages sustained in the subject accident, Acuity has no interest in the policy proceeds and is a disinterested stakeholder.  However, Acuity expressly reserves the right to request return of the portion of the fund deposited into the Court's registry that has not been awarded by this Court to the Defendants herein.

44.     Acuity reserves the right to seek dismissal of its interpleader action should this Court determine and enter judgment to the effect that each of the Defendants' claims combined will not exhaust the fund and to request return of the fund.

45.     Acuity expressly asserts that neither it nor its insureds are liable to pay compensatory damages to any Defendant who fails to appear herein, interplead, and establish their claim for damages.

## COUNT II –REQUEST FOR INJUNCTIVE RELIEF

46.     Acuity asks the Court to require all Defendants to interplead and establish their claims against Acuity's insureds and their entitlement to any portion of the fund in this proceeding and in no other.

47.     Acuity asks this Court to restrain the claimants from instituting or prosecuting any proceeding affecting the fund and from seeking to enforce against Acuity any judgment obtained against its insureds, except in this interpleader proceeding pursuant to 28 U.S.C. Section 2361.

48.     A race to judgment in other proceedings brought by any of the Defendants poses a risk of unfairness to the claimants, difficulties for Acuity in allocating and distributing the fund, and excess exposure to Acuity's insureds, which is one of the principal evils that the interpleader device was intended to remedy.

49.     Therefore, issuance of the requested injunctive relief is necessary in aid of this Court's exercise of jurisdiction in this matter and to protect and effectuate this Court's judgment. 28 U.S.C. Section 2283.

WHEREFORE, Acuity respectfully requests that: (1) process be issued in the manner and form and returnable as required by law for each of the Defendants; (2) each of the Defendants be ordered and commanded to interplead and establish their claims against Acuity's insureds and their entitlement to and proportionate share of the fund; (3) the Court enter an order enjoining and restraining each and all of the Defendants from instituting or prosecuting further any proceeding arising out of the accident in which they seek to recover from the fund; (4) the Court enter an order granting Acuity leave to deposit with the Court $300,000.00 which represents the full amount of available policy limits, pursuant to Rule 67; (5) the Court enter an order directing the proper distribution of the fund to any or all of the Defendants herein; and (6) the Court grant such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

**RILEY, SHANE & KELLER, P.A.**

By: */s/ Courtenay L. Keller (electronically filed)*
     **COURTENAY L. KELLER**
     3880 Osuna Road NE
     Albuquerque, NM 87109
     (505) 883-5030
     *Attorneys for Plaintiff*